UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD RUBINO ) | |
| ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| FIRST FINANCIAL ASSET ) | |
| MANAGEMENT, INC. ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Donald Rubino by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Donald Rubino, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this District is proper in that the Defendant transacts business here and has a registered address in this District.

### III.  PARTIES

4.  Plaintiff, Donald Rubino is an adult natural person residing at 4 Tarbell Street, P.O. Box 1534, Pepperell, MA 01463.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.  Defendant, First Financial Asset Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Georgia with its principle place of business located at 230 Peachtree Street, 17th Floor, Atlanta, GA 30303 and in the State of New Jersey with its registered address located at 830 Bear Tavern Road, Trenton, NJ 08628.

6.  Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.  In or around May 2010, the Plaintiff began receiving phone calls from the Defendant regarding an alleged debt owed to HSBC in the amount of $530.00.

8.  The Plaintiff receives at least three calls a day on his cell phone from the Defendant.

9. The Defendant will not leave a message on the Plaintiff's answering machine if the Plaintiff is unable to answer the call.

10. The Defendant uses an automated dialer to contact the Plaintiff which prompts the Plaintiff to remain on the line until an agent of the Defendant is available.

11. The Plaintiff has never received anything through the mail from the Defendant regarding the alleged debt.

12. The Plaintiff has made several attempts in requesting a validation notice from the Defendant.

13. During one phone conversation, an agent of the Defendant told the Plaintiff, "You're nothing but a deadbeat and you need to pay your debt!" and then proceeded to hang up on the Plaintiff.

14. The Defendant has relentlessly tried to get the Plaintiff to give personal bank account information over the phone to the Defendant.

15. The Defendant claimed that the Plaintiff needed to make a payment right then and there.

16. The Plaintiff does not dispute the debt but does not want to give personal information over the phone to the Defendant which is why the Plaintiff asked the Defendant for their mailing address.

17. The Defendant refused to give the Plaintiff the mailing address of the company forcing the Plaintiff to look up the Defendant's address online.

18. On or around June 27, 2010, the Plaintiff sent a letter via certified mail, return receipt requested, to the Defendant stating that the Plaintiff requests a validation

notice and for the Defendant to cease any further phone contact.  **See Exhibit "A" attached here to.**

19.     The Plaintiff has continuously informed the Defendant to stop calling and for all further communication be done through the mail.

20.     The Defendant persists in calling the Plaintiff after the Plaintiff sent the request for validation and the Defendant signed on delivery.  **See Exhibit "B" attached hereto.**

21.     The Plaintiff explained to the Defendant's agent that the Plaintiff sent the letter and knows that it has been received by the Defendant but the agent told the Plaintiff that the letter was not the agent's concern.

22.     The Defendant had continued to harass the Plaintiff with collection efforts after receiving the Plaintiff's cease and desist letter and continued to call the Plaintiff multiple times on July 2nd and July 3rd.

23.     As of August 24, 2010, the Plaintiff has yet to receive a validation notice from the Defendant as requested in the June 27th letter.

24.     The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

25.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

>  §§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

| | |
|---|---|
| §§ 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, First Financial Asset Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  August 30, 2010**    **BY:  _/s/  Bruce K. Warren_**
Bruce K. Warren, Esquire

**BY:  _/s/  Brent F. Vullings_**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff